■ TRUE NORTH NUTRITION, LTD., et al., Respondents, v TWIN LABORATORIES, INC., Appellant. [761 NYS2d 234] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated June 26, 2002, which denied its motion, in effect, for summary judgment dismissing the first and third causes of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the first and third causes of action in the complaint are dismissed.

The plaintiff True North Nutrition, Ltd. (hereinafter True North), is a Canadian corporation doing business as a wholesale distributor of nutritional products to retail outlets in Canada. The plaintiff Iron Warehouse, Inc., is a Canadian corporation doing business as a mail-order retail distributor of nutritional products in Canada. The plaintiffs allege that, in 1996, they entered into an oral agreement with PR Nutrition, Inc. (hereinafter PR), a predecessor corporation to the defendant, Twin Laboratories, Inc. (hereinafter Twin). Pursuant to the agreement, the plaintiffs were to be exclusive Canadian distributors of a nutrition bar produced by PR for a period of five years. Twin, a corporation with offices in Suffolk County, concedes that the plaintiffs were distributors of PR's products in Canada, but denies that there was an agreement for exclusive distributorship.

The parties agree that the substantive law of Canada, and particularly the Province of Ontario, should be applied to the issue presented. The contract allegedly was made and was to be performed in Canada, and the "grouping of contacts" analysis reflects that Ontario had the most significant contacts with the parties and the contract (*Matter of Allstate Ins. Co. [Stolarz—N.J. Mfrs. Ins. Co.],* 81 NY2d 219, 226 [1993]). Although the alleged contract was one not to be performed within a year, it was not prohibited by the statute of frauds in Ontario (RSO 1990, cs 19, § 4, as amended by SO 1994, ch 27 § 55; *see Atlantis Transp. Servs. v Air Canada,* 29 BLR2d 242 [Ont Gen Div]).

In support of its motion for summary judgment, Twin demonstrated, prima facie, that PR never entered into an oral exclusive distributorship agreement with the plaintiffs (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Twin submitted the affidavit of the founder and CEO of PR, the affidavits of various employees of PR, excerpts from the deposition testimony, including that of the president of the plaintiff corporations, copies of the correspondence between the parties, and copies of entries in the corporate minutes of True North. In opposition thereto, the plaintiffs failed to demonstrate the existence of a triable issue of fact.

Although under Canadian law an agreement to distribute products need not be in writing (*see Durotest Elec. v Floralight Gardens Canada,* 1996 Carswell Ont 1202), the proponent of the agreement must show that all of the essential terms were agreed to (*see Durotest Elec. v Floralight Gardens Canada, supra; Bawitko Invs. v Kernels Popcorn,* 79 DLR 4th 97). The plaintiffs failed to demonstrate that an offer capable of a binding acceptance was made upon ascertainable terms, or that PR accepted any such offer by words or conduct (*see Kawneer Co. v Bank of Canada,* 40 OR2d 275). The corporate minutes of True North and the deposition testimony of Robert De Simone, president of the plaintiff corporations, establish that no firm agreement was reached and that the issue of exclusivity never progressed beyond the negotiation stage. Therefore, the Supreme Court improperly denied the defendant's motion, in effect, for summary judgment dismissing the first and third causes of action in the complaint, which were premised upon the alleged oral agreement of exclusive distributorship. Florio, J.P., Schmidt, Townes and Crane, JJ., concur.